UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                   CASE NO: 2:09-cr-36-FtM-29SPC

CHRISTOPHER A. CARPENTER

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion to Strike a Portion of 18 U.S.C. § 3583(k) as Unconstitutional (Doc. #74) filed on October 13, 2017. The Government's Response (Doc. #77) was filed on October 27, 2017. With leave of court, defendant filed a Memorandum of Law (Doc. #82) on November 14, 2017, and the government filed a Supplemental Memorandum of Law (Doc. #86) on November 28, 2017. For the reasons set forth below, the motion is denied.

**I.**

On October 12, 2010, defendant was sentenced to 60 months imprisonment followed by a life term of supervised release based upon his conviction for possession of child pornography. (Doc. #58.) Defendant began supervised release on October 4, 2013. (Doc. #61.) On June 19, 2017, a petition alleging violations of supervised release was filed. (Id.) Specifically, it is alleged that on June 19, 2017, defendant (1) possessed videos of child pornography on his cell phone, and (2) possessed and used an

unauthorized cell phone to access the internet. (Id.) The government reports that on November 8, 2017, defendant was indicted for receipt of child pornography based on the June 19, 2017 events, which remains pending in the Tampa Division. (Doc. #86, pp. 2-3.) Defendant's final revocation hearing on the supervised release violations is currently scheduled for December 11, 2017. (Doc. #85.)

**II.**

Essentially, the parties dispute the length of the maximum penalty for the violations of supervised release in this case. The government asserts that under 18 U.S.C. § 3583(k) defendant faces a mandatory minimum five years imprisonment for possessing child pornography on his cell phone. (Doc. #77.) Defendant asserts that those portions of Section 3583(k) that impose a mandatory minimum sentence are unconstitutional, his maximum sentence of imprisonment is two years, and the court retains full discretion to impose any sentence of imprisonment up to two years. (Doc. #74.)

Defendant's underlying 2010 conviction of possession of child pornography was for a Class C felony. 18 U.S.C. §§ 2252, 3559(a)(3). A person convicted of a Class C felony normally faces a term of supervised release of not more than three years. 18 U.S.C. § 3583(b)(2). Where the offense of conviction is possession of child pornography (among other offenses), a more

specific statute requires a term of supervised release of at least five years to life. 18 U.S.C. § 3583(k). The Court imposed a life term of supervised release at the original sentencing. (Doc. #58.)

When a defendant who has been convicted of a Class C felony is subsequently charged with violation of supervised release, the maximum term of incarceration is normally two years. 18 U.S.C. § 3583(e)(3). Defendant asserts that the Sentencing Guidelines recommend a range of 4 to 10 months in this case. (Doc. #74, pp. 5-6 (citing U.S. Sentencing Guidelines Manual § 7B1.4(a) (U.S. Sentencing Comm'n 2016))).

The government asserts, however, that the second and third sentences of 18 U.S.C. § 3583(k) apply to this revocation proceeding and require a mandatory minimum five-year sentence of imprisonment. (Doc. #77, pp. 2-8.) This section provides in full:

> (k) Notwithstanding subsection (b), the authorized term of supervised release for any offense under section 1201 involving a minor victim, and for any offense under section 1591, 1594(c), 2241, 2242, 2243, 2244, 2245, 2250, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, 2423, or 2425, is any term of years not less than 5, or life. If a defendant required to register under the Sex Offender Registration and Notification Act commits any criminal offense under chapter 109A, 110, or 117, or section 1201 or 1591, for which imprisonment for a term longer than 1 year can be imposed, the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment under

> subsection (e)(3) without regard to the exception contained therein. Such term shall be not less than 5 years.

18 U.S.C. § 3583(k). This version of the statute took effect on July 27, 2006, United States v. Perry, 743 F.3d 238, 241 (7th Cir. 2014), so it applies to defendant's 2009 offense conduct and his 2010 conviction.

Defendant responds that the second and third sentences of 18 U.S.C. § 3583(k) requiring a mandatory five-year term of imprisonment are unconstitutional as a violation of his Sixth Amendment, Due Process, and Double Jeopardy rights. (Doc. #74.) Defendant relies primarily on United States v. Haymond, 869 F.3d 1153 (10th Cir. 2017).

**III.**

The original imposition of a term of supervised release is governed by Section 3583. The statute first states that the Court may, and in some cases must, impose a term of supervised release after imposing a sentence of imprisonment. 18 U.S.C. § 3583(a). The statute then sets forth the authorized lengths of supervised release, based solely on the classification of the offense of conviction. 18 U.S.C. § 3583(b). Defendant's offense of conviction was a Class C felony, for which there normally is a maximum three-year term of supervised release. 18 U.S.C. § 3583(b)(2). The statute also provides, however, that notwithstanding the authorized terms in Section 3583(b), certain

crimes, including possession of child pornography, require a term of supervised release of five years to life. 18 U.S.C. § 3583(k) (sentences two and three).

Revocation of supervised release is also governed by portions of Section 3583, beginning at Section 3583(c). A defendant whose supervised release is revoked may be sent to prison, 18 U.S.C. § 3583(e)(3), and may have an additional term of supervised release imposed, 18 U.S.C. § 3583(h). The length of imprisonment upon revocation of supervised release is normally limited to not more than two years for a Class C felony. 18 U.S.C. § 3583(e)(3). Congress, however, has increased this maximum sentence in certain situations:

> If a defendant required to register under the Sex Offender Registration and Notification Act commits any criminal offense under chapter 109A, 110, or 117, or section 1201 or 1591, for which imprisonment for a term longer than 1 year can be imposed, the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment under subsection (e)(3) without regard to the exception contained therein. Such term shall be not less than 5 years.

18 U.S.C. § 3583(k) (sentences two and three). Thus, under Section 3583(k), a term of not less than five years imprisonment will be required if the government establishes that defendant Carpenter was required to register under the Sex Offender Registration and Notification Act and he committed a qualifying offense.

**IV.**

Defendant argues, however, that this clear statutory result is based upon a statute which violates several of his constitutional rights. (Doc. #74.) Defendant asserts he has a constitutional right to a jury trial at which the government bears the burden of showing a Section 3583-qualifying violation beyond a reasonable doubt. (Id.) The Tenth Circuit agrees with defendant. United States v. Haymond, 869 F.3d 1153 (10th Cir. 2017). The undersigned does not, and does not find Haymond persuasive.

Defendant extrapolates from three Supreme Court cases. In Apprendi v. New Jersey, the Supreme Court held, in connection with the prosecution of a federal criminal offense, that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2000). In Alleyne v. United States, the Supreme Court extended the holding of Apprendi to cover any fact which increases a given crime's mandatory minimum penalty. 133 S. Ct. 2151 (2013). Alleyne held that the enhancers described in 18 U.S.C. § 924(c)(1)(A)(ii) and (iii) for brandishing or discharging a firearm, which trigger higher mandatory minimum sentences, must be treated as elements of separate, aggravated offenses, which must be alleged in the indictment, proven beyond a reasonable doubt, and submitted to a jury. Alleyne, 133 S. Ct. at 2161–63.

Alleyne overruled Harris v. United States, 536 U.S. 545 (2002), which had earlier held that facts found by a judge could increase the statutory mandatory minimum sentence applicable to a defendant. Alleyne, 133 S. Ct. at 2155. Finally, Burrage v. United States held that because the "death results" enhancement in a drug offense increased the minimum and maximum sentences to which defendant was exposed, it is an element that must be submitted to the jury and found beyond a reasonable doubt. 134 S. Ct. 881, 887 (2014) (citation omitted).

None of the Supreme Court cases applied Apprendi or its progeny to revocation of supervised release proceedings. The law in that context is clear. In Johnson v. United States, the Supreme Court reiterated that the Sixth Amendment right to a jury trial is not applicable during revocation proceedings because revocation of supervised release is treated "as part of the penalty for the initial offense." 529 U.S. 694, 700 (2000). Johnson noted that although violations of the conditions of supervised release often lead to reimprisonment, "the violative conduct need not be criminal and need only be found by a judge under a preponderance of the evidence standard, not by a jury beyond a reasonable doubt." Id. (citation omitted). The Eleventh Circuit has held, in a post-Apprendi/Alleyne decision, that "§ 3583(e)(3) does not violate the Fifth or Sixth Amendments because the violation of supervised release need only be proven by a preponderance of the evidence,

and there is no right to trial by jury in a supervised release revocation hearing." United States v. Cunningham, 607 F.3d 1264, 1268 (11th Cir. 2010). Apprendi did not change this law. United States v. Giddens, 598 F. App'x 889 (11th Cir. 2015); United States v. Francis, 524 F. App'x 531 (11th Cir. 2013). The Court finds that the same rules apply when Section 3583(k) may be implicated by the evidence to be presented at a revocation proceeding.

The Court is not persuaded that the well-established rules governing supervised revocation proceedings have been changed by the Supreme Court cases. As the dissent in Haymond points out, if there has been a change it must apply to all revocation allegations, since the facts supporting a violation are always new facts not in existence at the time of the original conviction. Haymond, 869 F.3d at 1170-72 (Kelly, J., dissenting).

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion to Strike a Portion of 18 U.S.C. § 3583(k) as Unconstitutional (Doc. #74) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __6th__ day of December, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record